UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CORTEZ HASBERRY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOSHUA CLINE, et al., )<br>)<br>Defendants. ) | No. 2:15-cv-2025-JDT-cge |

ORDER DISMISSING COMPLAINT,
DENYING MOTION TO APPOINT COUNSEL,
AND GRANTING LEAVE TO AMEND

On November 21, 2014, Plaintiff Cortez Hasberry "Hasberry", who is currently an inmate at Morgan County Correctional Complex in Wartburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion asking leave to proceed *in forma pauperis* for actions occurring at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. (ECF Nos. 1 & 2) .On January 12, 2015, Senior United States District Judge William J. Haynes, Jr. of the Middle District of Tennessee, Nashville Division transferred this case to the United States District Court for the Western District of Tennessee, Western Division. (ECF No. 7.) In an order issued January 13, 2015, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act of 1006 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 11). On February 2, 2015, Hasberry filed an amended complaint removing and adding defendants. (ECF No. 12.) The Clerk shall

record the defendants as Officer Joshua Cline, Mercedes Harding, Delondra Miles, Sharon Rose, Robert Henry, and Thoma Shell.[1]

## I. THE COMPLAINT

Hasberry alleges that on September 25, 2014, Defendant Cline physically assaulted him by use of electric shock. (Compl. 5, ECF No. 1.) Hasberry complains that the remaining defendants violated his due process rights under the Constitution through their consent in the grievance process and by ignoring the alleged assault and battery perpetuated by Defendant Cline. (Amended Compl. 2, ECF No. 12.) All Defendants are sued in their individual and official capacity. (*Id.* at 1.)

Hasberry seeks unspecified compensatory and punitive damages. (Compl. 5, ECF No. 1.)

## II. ANALYSIS

A. <u>Screening and Standard</u>

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in

---

[1] The Clerk is directed to remove Commissioner Derrick Schofield as a defendant pursuant to Hasberry's Amended Complaint in which he removed Commissioner Schofield as a defendant.

2

the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of *pro se* prisoner suits, the Supreme Court suggested that *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits. *See, e.g., id.* at 521 (holding petitioner to standards of *Conley v. Gibson*); *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.) (duty to be less stringent with *pro se* complaint does not require court to conjure up unplead allegations), *cert. denied*, 464 U.S. 986 (1983); *McDonald v. Hall*, 610 F.2d 16 (1st Cir.1979) (same); *Jarrell v. Tisch*, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet some minimum standards).

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.  § 1983 Claim

Hasberry filed his original complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

1. *Defendants in their Official Capacity*

Hasberry is suing all Defendants in their official and individual capacity. All Defendants are employed by the TDOC. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted). Any claims against Defendants Cline, Harding, Miles, Rose, Henry, and Shell in their official capacity are asserted against the State of Tennessee.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 100 (1984); *Employees of Dep't of Pub. Health & Welfare v. Mo. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973); *see also Va. Office for Protection & Advocacy v. Stewart*, \_\_\_ U.S. \_\_\_, \_\_\_, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State.") (citations omitted). By its terms, the Eleventh Amendment bars all suits, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100-01. Tennessee has not waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71.

    2.    *Twombly Standard*

The complaint contains no factual allegations of § 1983 violations against Defendants Harding, Miles, Rose, Henry and Shell. A failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

    3.    *Eighth Amendment Claim for Cruel and Unusual Punishment*

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986)

(internal quotation marks omitted). Where an inmate challenges a use of force by prison guards, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320-21 (internal quotation marks omitted); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) ("The 'core judicial inquiry' [for an excessive force claim] was not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to restore discipline, or maliciously and sadistically to cause harm.") (internal quotation marks omitted). A significant physical injury is not required to establish the objective component of an Eighth Amendment claim. *Wilkin*s, 559 U.S. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."); *Hudson v. McMillian*, 503 U.S. 1, 7-9 (1992) (same). However, the Supreme Court has made clear that trivial physical contact does not violate the Eighth Amendment:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d [1028,] 1033 [(2d Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chamber, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.

*Id.* at 9-10 (internal quotation marks omitted); *see also Wilkins*, 559 U.S. at 38 ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim.").

Applying *Hudson*, the Sixth Circuit has held that prison guards' use of de minimis force to return an inmate to his cell did not violate the Eighth Amendment. *Johnson v. Coolman*, 102

7

F. App'x 460, 461 (6th Cir. 2004). The defendants in *Johnson* were alleged to have "pushed [the prisoner] into his cell, pulled hard on the security strap attached to his handcuffs, hurting his wrists, and then, while removing his cuffs, attempted to bend his thumb back." *Id.*; *see also Tuttle v. Carroll Cnty. Detention Ctr.*, 500 F. App'x 480, 482 (6th Cir. 2012) (allegation that deputy grabbed inmate's privates and squeezed them "really hard" during a search insufficient to state an Eighth Amendment claim); *Leary*, 528 F.3d at 443 (allegation that deputy hit pretrial detainee on the neck with no intention to hurt him, in "a karate chop kind of deal," held to be a de minimis use of force); *Lockett v. Suardini*, 526 F.3d 866, 875 (6th Cir. 2008) (holding that officers "minimal application of force, together with Lockett's admitted minor injuries, did not rise to a level that is sufficient to sustain an Eighth Amendment claim"); *Briggs v. Miles*, No. 1:13-cv-228, 2015 WL 1120132, at *12 (W.D. Mich. Mar. 12, 2015) (allegation that officer "shoved" inmate inside transport van is "the very sort of de minimis force that falls outside the scope of the Eighth Amendment").

Hasberry's complaint simply states that Defendant Cline, "used the electrical shocked on Plaintiff." (Compl. 5, ECF No. 1.) There are no allegations that Hasberry suffered injuries, nor is any background provided on what precipitated the shock. Prison officials are entitled to use physical force, including devices such as stun guns and tasers, to compel obedience by inmates. *See*, *e.g.*, *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). Thus, the allegations only support a conclusion that Defendant Quinn's actions amounted to nothing more than pushes and shoves that caused no discernible injury, which the *Wilkins* Court stated would almost certainly not state a constitutional claim.

C.      Motion to Appoint Counsel

8

On February 2, 2015, Hasberry filed a motion for appointment of counsel. (ECF No. 13.) Pursuant to 28 U.S.C. § 1915(d), the "court may request an attorney to represent any such person unable to employ counsel." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993), and "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants, *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). Generally, a court will only appoint counsel in exceptional circumstances. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present the claims. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989). Because Hasberry has yet to meet the threshold for appointment of counsel, the motion is DENIED.

III. LEAVE TO AMEND

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some

form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

## IV. CONCLUSION

The Court DISMISSES the complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, with the exception of Hasberry's § 1983 claims against Defendants Harding, Miles, Rose, Henry, and Shell, the court cannot conclude that any amendment to Hasberry's claims would be futile as a matter of law. Therefore, Hasberry is GRANTED leave to amend his complaint as to Defendant Cline in his individual capacity. Any amendment must be filed within thirty (30) days of the date of entry of this order. Hasberry is advised that an amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint

must arise from the facts alleged in the original complaint or the first amended complaint. Hasberry may add additional defendants provided that the claims against the new parties arise from the acts and omissions set forth in the original or first amended complaints. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Hasberry fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

Hasberry shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

**s/James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE
